UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CORREY DELOZIER, ET AL.,**<br>**Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-14094** |
| **S2 ENERGY OPERATING, LLC, ET AL.,**<br>**Defendants** | **SECTION: "E" (2)** |

### ORDER AND REASONS

Before the Court is a motion for summary judgment filed by Defendant Wood Group PSN, Inc. ("Wood Group") against Plaintiffs Correy and Valerie Delozier.[1] Plaintiffs oppose this motion[2] and filed a request for oral argument on the motion.[3] Defendant S2 Energy Operating, LLC ("S2 Energy") filed an opposition to the motion for summary judgment, apparently out of an abundance of caution.[4] Wood Group filed a reply.[5] Plaintiffs argue Wood Group's motion for summary judgment should be denied as premature because "multiple crucial depositions have been requested but have yet to be scheduled."[6]

---

[1] R. Doc. 35.
[2] R. Doc. 46.
[3] R. Docs. 44 and 47. On February 11, 2019, Plaintiffs filed a request for oral argument. R. Doc. 44. On February 12, 2020, Plaintiffs filed an identical request for oral argument. R. Doc. 47.
[4] R. Doc. 51. The Court notes S2 Energy responded to Wood Group's statement of uncontested materials facts. R. Doc. 51-1. With respect to statement nos. 6, 8, and 13, S2 Energy failed to provide record citations to support its denials. Pursuant to L.R. 56.2, "Any opposition to a motion for summary judgment must include a separate and concise statement of the material facts which the opponent contends present a genuine issue. All material facts in the moving party's statement will be deemed admitted, for purposes of the motion, unless controverted in the opponent's statement." Similarly, the Court's Scheduling Order provides "[a] party opposing a motion for summary judgment must specifically respond to each statement of fact in the moving party's statement of material facts by admitting or denying each statement." R. Doc. 17 at 4. Additionally, each denial of a statement of fact must be supported by citations to the record, which "shall indicate, whenever applicable, an exhibit reference, page reference, and record document number reference." *Id*. "Record evidence not specifically referred to by the parties may not be considered by the Court." *Id*.
[5] R. Doc. 58.
[6] R. Doc. 46 at 6.

1

Under Rule 56(d) of the Federal Rules of Civil Procedure, if a party opposing a motion for summary judgment shows, by way of affidavit or declaration, that for some specific reason it cannot present facts essential to justify its opposition, the Court may defer consideration of the summary judgment motion, deny it, allow time for the non-moving party to obtain affidavits or declarations or to take discovery, or issue any other appropriate order.[7] The Rule is "designed to safeguard against a premature or improvident grant of summary judgment."[8] Rule 56(d) motions are "generally favored, and should be liberally granted."[9]

"[T]o justify a continuance, the [Rule 56(d)] motion must demonstrate (1) why the movant needs additional discovery, and (2) how the additional discovery will likely create a genuine issue of material fact."[10] The party seeking continuance under Rule 56(d) "must be able to demonstrate how postponement and additional discovery will allow him to defeat summary judgment; it is not enough to 'rely on vague assertions that discovery will produce needed, but unspecified, facts.'"[11] A party is not entitled to a Rule 56(d) continuance if he has not diligently pursued discovery.[12]

Plaintiffs have satisfied both the technical and substantive requirements for a continuance under Rule 56(d). Wood Group contends it is entitled to summary judgment because, at the time of the alleged incident, Wood Group's employee, Steven Dauzat, who allegedly instructed Plaintiff Correy Delozier to climb the subject well[13] where Correy

---

[7] Fed. R. Civ. P. 56(d).
[8] *Washington v. Allstate Ins. Co.*, 901 F.2d 1281,1285 (5th Cir. 1990).
[9] *Stearns Airport Equip. Co. v. FMC Corp.*, 170 F.3d 518, 534 (5th Cir. 1999) (citing *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991)).
[10] *Id.* at 534–35 (citing *Krimv. BancTexas Group, Inc.*, 989 F.2d 1435, 1442 (5th Cir.1993)).
[11] *Id.* at 535 (quoting *Washington*, 901 F.2d at 1285).
[12] *See Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 28 F.3d 1388, 1397 (5th Cir. 1994).
[13] R. Doc. 6 at ¶ VII.

Delozier was injured,[14] was working as a borrowed employee of S2 Energy.[15]

Plaintiffs argue they will be able to demonstrate there are disputed issues of fact with respect to Dauzat's borrowed employee status if they are allowed to depose the corporate representatives of Wood Group and S2 Energy. To determine an individual's borrowed employee status, courts employ a nine-factor test.[16] One of these factors asks whether there was an agreement, understanding, or meeting of the minds between the original and the borrowing employer.[17] Although there was a Master Service Agreement ("MSA") between S2 Energy and Wood Group governing the parties' relationship,[18] Wood Group contends "[i]t is indisputable that despite the language of the MSA between Wood Group and S2, the actual relationship between Dauzat and his S2 supervisors evidences an understanding that S2 would exercise complete supervisory authority over Dauzat."[19] Wood Group thus argues that S2 Energy and Wood Group came to an agreement regarding the authority over Dauzat that differs from the express terms of the MSA. Plaintiffs seek to depose the corporate representatives of Wood Group and S2 Energy to acquire testimony regarding the nature of the agreement between the parties:

> In order to determine whether the parties here have impliedly modified their contract, as Wood Group suggests, the Court would be forced to weigh the current evidence produced and also make a prediction regarding the future deposition testimony of multiple deponents. The testimony of both the corporate representative of Wood Group and the corporate representative of S2 is clearly likely to produce evidence relevant to this very issue. Wood Group is asking this Court to decide whether the parties to a contract have impliedly agreed to modify the contract, before the Court has had the opportunity to hear from the actual parties to that contract.[20]

---

[14] *Id.* at ¶ VIII.
[15] R. Doc. 35-1 at 1.
[16] *Ruiz v. Shell Oil Co.*, 413 F. 2d 310, 312-13 (5th Cir. 1969).
[17] *Id.*
[18] R. Doc. 35-4.
[19] R. Doc. 35-1 at 12.
[20] R. Doc. 46 at 11.

The issue of Dauzat's borrowed employee status is fact-intensive. Plaintiffs have satisfied their burden of explaining which specific facts they will seek through discovery, why they should be allowed to conduct further discovery, and how that discovery will likely produce an issue of material fact. The Court finds Plaintiffs have met their burden of establishing a need for a Rule 56(d) continuance of the summary judgment motion.[21]

Accordingly;

**IT IS ORDERED** that the submission date for Wood Group's motion for summary judgment[22] is hereby **CONTINUED** from February 19, 2020 to **April 20, 2020**. Plaintiffs' supplemental opposition to Wood Group's motion for summary judgment is due no later than **April 12, 2020**. Wood Group's supplemental reply is due no later than **April 20, 2020**.

**IT IS FURTHER ORDERED** that Plaintiffs' request for oral argument[23] is **GRANTED**. Oral argument on the motion for summary judgment[24] will be held on **April 29, 2020 at 2:00 p.m**.

**New Orleans, Louisiana, this 24th day of February, 2020.**

                                                        _____
                                                        **SUSIE MORGAN**
                                          **UNITED STATES DISTRICT JUDGE**

---

[21] Plaintiffs have not been dilatory in seeking the depositions of the corporate representatives of Wood Group and S2 Energy, under the circumstances of this case.
[22] R. Doc. 35.
[23] R. Docs. 44 and 47.
[24] R. Doc. 35.