UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CORREY DELOZIER, ET AL.,**<br>    **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-14094** |
| **S2 ENERGY OPERATING, LLC, ET AL.,**<br>    **Defendants** | **SECTION: "E" (2)** |

**ORDER AND REASONS**

Before the Court is a motion for summary judgment filed by Defendant Pioneer Production Services, Inc. ("Pioneer") against Plaintiffs Correy and Valerie Delozier.[1] Plaintiffs oppose this motion[2] and filed a request for oral argument.[3] Plaintiffs argue Pioneer's motion for summary judgment is premature and ask the Court to continue the submission date for the motion for summary judgment.[4]

Under Rule 56(d) of the Federal Rules of Civil Procedure, if a party opposing a motion for summary judgment shows, by way of affidavit or declaration, that for some specific reason it cannot present facts essential to justify its opposition, the Court may defer consideration of the summary judgment motion, deny it, allow time for the non-moving party to obtain affidavits or declarations or to take discovery, or issue any other appropriate order.[5] The Rule is "designed to safeguard against a premature or improvident grant of summary judgment."[6] Rule 56(d) motions are "generally favored,

---

[1] R. Doc. 49.
[2] R. Doc. 69.
[3] R. Doc. 70.
[4] R. Doc. 69 at 29.
[5] Fed. R. Civ. P. 56(d).
[6] *Washington v. Allstate Ins. Co.*, 901 F.2d 1281,1285 (5th Cir. 1990).

1

and should be liberally granted."[7]

"[T]o justify a continuance, the [Rule 56(d)] motion must demonstrate (1) why the movant needs additional discovery, and (2) how the additional discovery will likely create a genuine issue of material fact."[8] The party seeking continuance under Rule 56(d) "must be able to demonstrate how postponement and additional discovery will allow him to defeat summary judgment; it is not enough to 'rely on vague assertions that discovery will produce needed, but unspecified, facts.'"[9] A party is not entitled to a Rule 56(d) continuance if he has not diligently pursued discovery.[10]

Plaintiffs have satisfied both the technical and substantive requirements for a continuance under Rule 56(d). As Plaintiffs argue, "this motion is entirely premature as the parties have yet to take multiple depositions which are crucial to the determination of the issues presented in Pioneer's motion," including the deposition of Williams Crooks, the deposition of the corporate representative of Wood Group PSN, Inc., the deposition of the corporate representative of S2 Energy, and the re-deposition of Correy Delozier.[11]

Pioneer contends it is entitled to summary judgment because, at the time of the alleged incident, Plaintiff Correy Delozier was working as a borrowed employee of another defendant, S2 Energy Operating, LLC ("S2 Energy").[12] Plaintiffs argue they will be able to demonstrate there are disputed issues of fact with respect to Correy Delozier's borrowed employee status if they are allowed to depose the corporate representative of S2 Energy and others. To determine an individual's borrowed employee status, courts employ a

---

[7] *Stearns Airport Equip. Co. v. FMC Corp.*, 170 F.3d 518, 534 (5th Cir. 1999) (citing *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991)).
[8] *Id.* at 534–35 (citing *Krimv. BancTexas Group, Inc.*, 989 F.2d 1435, 1442 (5th Cir.1993)).
[9] *Id.* at 535 (quoting *Washington*, 901 F.2d at 1285).
[10] *See Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 28 F.3d 1388, 1397 (5th Cir. 1994).
[11] R. Doc. 69 at 1-2, 29.
[12] R. Doc. 49-2 at 8.

nine-factor test.[13] One of these factors asks whether there was an agreement, understanding, or meeting of the minds between the original and the borrowing employer.[14] Although there was a Master Service Agreement ("MSA") between S2 Energy and Pioneer governing the parties' relationship,[15] Pioneer contends that, despite the language of the MSA, "the evidence shows that the parties understood (and the reality at the worksite was) that S2 Energy would direct and control Delozier's work and that S2 Energy would supply everything necessary for Delozier to perform his employment duties."[16] Pioneer thus argues that S2 Energy and Pioneer came to an agreement regarding the authority over Correy Delozier that differs from the express terms of the MSA. Plaintiffs seek to depose the corporate representative of S2 Energy to acquire testimony regarding the nature of the agreement between the parties, explaining:

> Pioneer asks this Court to find the MSA between Pioneer and S2 was impliedly modified by the parties' conduct, but Plaintiffs have not had the opportunity to depose a corporate representative from S2.[17]

With respect to the deposition of the corporate representative of S2 Energy, Plaintiffs further explain:

> Clearly, this deposition will likely shed light on the understanding which S2 had pertaining to the employment status of the operators in its field. This factor asks whether the parties have come to an agreement or meeting of the minds such that this Court could decide they implicitly modified their contract. It is impossible for this Court to make that determination without the opportunity to hear evidence from both parties to the agreement.[18]

The issue of Plaintiff Correy Delozier's borrowed employee status is fact-intensive. Plaintiffs have satisfied their burden of explaining which specific facts they will seek

---

[13] *Ruiz v. Shell Oil Co.*, 413 F. 2d 310, 312-13 (5th Cir. 1969).
[14] *Id.*
[15] R. Doc. 49-8.
[16] R. Doc. 49-2 at 18.
[17] R. Doc. 69 at 29.
[18] *Id.* at 13.

through discovery, why they should be allowed to conduct further discovery, and how that discovery will likely produce an issue of material fact. The Court finds Plaintiffs have met their burden of establishing a need for a Rule 56(d) continuance of the summary judgment motion.[19]

Accordingly;

**IT IS ORDERED** that the submission date for Pioneer's motion for summary judgment[20] is hereby **CONTINUED** from March 18, 2020 to **April 20, 2020**. Plaintiffs' supplemental opposition to Pioneer's motion for summary judgment is due no later than **April 12, 2020**. Pioneer's reply to Plaintiffs' supplemental opposition is due no later than **April 20, 2020**.

**IT IS FURTHER ORDERED** that Plaintiffs' request for oral argument[21] is **GRANTED**. Oral argument on the motion for summary judgment[22] will be held on **April 29, 2020 at 2:00 p.m**.

**New Orleans, Louisiana, this 11th day of March, 2020.**

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[19] Plaintiffs have not been dilatory in seeking the depositions of the corporate representatives of Wood Group and S2 Energy, under the circumstances of this case.
[20] R. Doc. 49.
[21] R. Doc. 70.
[22] R. Doc. 49.